REDMANN, Judge.
Plaintiff’s doctor’s testimony that the pre-existing osteoarthritis caused symptoms to be prolonged came in the context of an injury he would expect to be over in one to two weeks’ taking three to four weeks: “that is, that she didn’t recover, you know, in one to two weeks. . . . It’s my impression that it probably caused, like I said a minute ago, it caused her symptoms to be prolonged rather than a recovery immediately from the strain.” Moreover, he testified that one could “certainly” recover from the “moderate strain” and still suffer in the future from the degenerative condition of the back, and agreed that it is “possible that during the six months that she did not return to your office prior to January 7th, she could have recovered from the moderate strain she received in the accident and could have aggravated her pre-existing condition by doing something strenuous.”
That testimony supports the jury’s obvious conclusions that plaintiff suffered only a moderate strain of only a few weeks duration and that the flare-ups of plaintiff’s arthritic back six months or more later (and the cost of their medical treatment) were not attributable to the accident.
We must, nevertheless, correct the error of awarding only the unpaid $143 medical bill rather than full medical costs attributable to the first period of treatment, being $98 for Dr. Chisesi, $54.50 for emergency róom and $60 for physical therapy-
Amended to increase special damages to $212.50 and otherwise affirmed. Costs of appeal to be equally divided.[1]
SAMUEL, C. J., dissenting with written reasons.
GULOTTA, J., dissenting for reasons assigned by SAMUEL, C. J.

. Originally not designated for publication, this opinion is published at the request of Samuel, C. J.